Good morning. My cousin, Judge Jill Pryor and I are pleased to welcome our new colleague, Judge Robert Luck, formerly Justice Robert Luck of the Florida Supreme Court, to our court. He's not a stranger to our court, having clerked for our Chief Judge in an earlier stage of his career, and we're thrilled to have him with us and honored to be able to sit with him for his first week of oral argument. Robert Luck Thank you. Judge Pryor So, we have four cases to hear this morning, counsel. We're familiar with your cases. We've read your briefs, the authority cited in your briefs. In the limited time that's available to you, you should feel free to go straight to the heart of your argument without having to familiarize us with the background. It may be that in that limited time, you won't be able to address everything that you want to address, but anything that's covered in your brief remains preserved and will be under submission to the court when we finish. We probably will have some questions. Don't treat the red light as aspirational. We have a traffic light system that's there to keep us on time, so be observant to the traffic lights. If you're finishing an answer to a question from one of us, of course, you can feel free to finish your answer, but do be mindful of our time. We will begin this morning with the United States v. Martinez. Mr. Labonte? Good morning, and may it please the court. In this case, we're asking the court to hold that the four-level in connection with enhancement under the 2K2B16B in the guidelines cannot be applied when it relates to a future event that may or may not occur. A statement about a plan to commit another offense is not another felony offense under 2K2B16B. It is not even a crime. Here, the district court held that the only eligible felony that Mr. Martinez could be held accountable for was a potential exchange of a shotgun for a, quote, pound of dope, unquote. So the text of the guideline says that if it was possessed, that is the gun, with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. That is a prospective look. That is forward-looking. An intent or reason to believe that it would be used or possessed, and as I understand it, that the gun was going to be traded for the dope. This seems to me to fall squarely within the text of the guideline. What am I missing? The guideline says that the enhancement applies when the firearm is possessed or transferred in connection with another felony offense. So it is either a past or current event. The reason to believe is that if it could be, no, it could be a future event, right? Possessed or transferred, the firearm in connection with, it would be used or possessed in connection with another felony offense. That doesn't mean that it has to be a completed offense, does it? I mean, so if you look at the definition of another felony offense, it has to be any federal, state, or local offense other than explosive or firearms possession or trafficking offense punishable by imprisonment for a term exceeding one year. Here, a statement alone cannot qualify as another felony offense. So in order for the guideline to apply, it has to be another felony. That's not the way to look at it, is it? So if he had in fact traded the dope for the gun, that would be a felony offense, wouldn't it? That would be a different case if an action had occurred. Here, his statement alone that at some time he planned to sell the gun, that event may or may not occur. So therefore, the guideline can apply because there is no other felony offense here. There's no crime. What's your best authority, Mr. Labonte, for that proposition? Unfortunately, I think that there's a lack of authority because every case that I've been taken by the defendant where they have shown up to a trade with a confidential informant, they've possessed the gun while they're committing a crime. Here, Mr. Martinez was simply pulled over by law enforcement, was possessing the firearm, but the only reason that this is in play is because of his single statement that he planned to sell the shotgun for a pound of dope. Well, let's go back to Judge Pryor's question. The language of the guideline says with the knowledge or intent or reason to believe that it will be used. I mean, isn't that necessarily prospective? I don't believe so. I think that is for if someone shows up to a transaction and they have a gun on them, they have reason to believe that it could be used to protect them in the transaction. That is for past or concurrent events. I do not, again, as I stated, there be used or possessed. That's the language. But we still have to focus on another felony offense definition. Here, his statement alone, you've admitted that had it occurred, that would be a felony offense. Had it occurred or if it was occurring. Here, the only thing in play is Mr. Martinez's statement that he planned to sell it at some unknown time that may or may not occur. So that statement alone does not qualify under the Note 14C's definition of another felony offense. What about Section 893.135 of the Florida Statutes? Yes, Your Honor. So in order to qualify under 893.13, one must possess drugs. What about 135? That's .13. What about .135? Again, there's still, in order to qualify under that, one must possess guns. Here, the statement No, that statute, the .13 deals with possession. .135 lists trafficking. And there's a number of things that go into trafficking, are there not? Yes, there are a number of things that go into trafficking. And one of them is purchase, is it not? Correct. But again, in this case, there are several issues. No step has been taken towards committing a drug offense. We don't know what a pound of dope means. Is he not driving in a car with scales, baggies, and a gun and says that he's doing it for the purpose of buying it so he can sell? He is. The shotgun is in the rear of the vehicle. The scales are there. The record is very clear that Mr. Martinez was addicted to methamphetamine. Is that not some step in furtherance of an act for an attempt? I don't believe so because I don't think that we know what he intended to purchase. Well, that's a separate issue if you answered the question I asked. Is that not an attempt to purchase some controlled substance? We'll get to the dope part. The presence of the scales I don't think is related to the firearm there. If you take his statement, I wanted to use the gun to purchase a pound of dope. He's driving. In the car is brass knuckles, the scale with residue on it, baggies with residue on it, and his own personal stash, it appears, with some sort of residue and a pipe. Is that not some action in furtherance of the attempt? The record in this case does not, the government did not prove that he was on his way to a furtherance action. I think this is just very circumstantial and to apply the enhancement in this case. Circumstantial evidence is sufficient, is it not? It could be, but in this case I think it is too attenuated for the evidence to prove that another felony offense was. Is it an admission of circumstantial evidence? I don't know that it's an admission. It's a statement about something that he intended to do, but it's not a confession. Let me see if I understand your argument. So, in looking at B6b, I take it you would say that there has to be another felony offense that occurred and the intent, knowledge, et cetera, language just means you don't have to actually have used the gun in that transaction. You only have to have intended, is that it? Yes, Your Honor, for a past or presently occurring offense. And the evidence presented here, the only evidence is his statement to law enforcement that he planned to sell the gun for a pound of dope. We don't have any more information regarding what he planned to do, to whom he planned to conduct the transaction. So, I don't believe that. If we disagree with you, that the felony offense has to either be past or current and conclude it based on the text of this guideline, that it can be a future event. You lose, right? Yes, but to take that interpretation would open up this enhancement to just the imagination of any offense that could occur in the future. What it does is it allows the district court to consider evidence of that and to draw a If we disagree with you about the text of the guideline, that's my point. That's the end of this, right? I believe in this case that another felony offense does not occur when one makes a statement of something that they plan to do that may or may not occur. I understand that. If I read the guideline differently, that's the end of the matter. Any future offense that someone considers doing and possessing a firearm with. Possessing it in connection with an intent to use it in this, what would be a felony if it occurs. If the guideline covers that. If that is the court's interpretation, then yes. The argument here would necessarily fail. Right. The argument here is twofold. The second clause of 2K2.1b6b is for past or presently occurring events. And to open up the door for any future event makes this guideline applicable in almost every case. Second, the statement alone that I plan to sell the gun for a pound of dope, which is rather ambiguous. We don't know what dope means. We don't know that the gun was valued at anything worth a pound of any sort of illicit substance. Does not qualify as another felony offense. So therefore, the district court erred in applying the enhancement. Because to apply this enhancement in this case opens the door for it to apply, you know, to anyone's thought for when they possess a firearm. Okay. Thank you, Mr. Labonte. You saved five minutes for rebuttal. We'll hear from the government. Good morning, Your Honors. May it please the court. Sean Siakinen for the United States. The enhancement that we're talking about in this case addresses two things. The first clause addresses use or possession of a firearm in connection with another felony offense. And the second clause addresses possession or transfer of a firearm when there is knowledge, intent, or reason to believe that it would be used in connection with such an offense. That second clause logically must encompass future planned intended events. Not only because of the plain meaning of its terms, but logically if that second clause were read to exclude planned or intended future events found by preponderance of the evidence at sentencing by the sentencing court, then that second clause would be superfluous. Because a present or past event would be included within the first clause of the enhancement. It's really that simple. The issue in this case is simply whether there was a connection between a shotgun that Mr. Martinez admittedly possessed and admittedly planned to trade for a pound of dope. How could there not be a connection? Mr. Martinez's counsel conceded at sentencing, quote, there is a connection between the gun and the prospective sale because Martinez verbalized that. He said, I'm going to exchange this gun for the dope. That's Mr. Martinez's counsel speaking at sentencing on page 44 of the sentencing transcript. Now, his counsel also conceded at sentencing, we don't know that it would be a felonious sale because his statement was ambiguous in the sense that in his counsel's words, dope could be cocaine or methamphetamine. So, at sentencing, his counsel conceded that Martinez's reference to dope at a minimum meant cocaine or methamphetamine. And under Florida law, the simple possession of any controlled substance, whether it be cocaine, methamphetamine, marijuana, regardless of quantity, is a third-degree felony punishable by more than a year in prison. And that's all that the guideline requires by its plain terms. If there had been no scale in Martinez's car when it was searched, would the facts of this case still support the enhancement? They absolutely would, Your Honor, under the plain meaning of the term in connection with and this court's precedent. Now- Because the district court rested its ruling ultimately on the presence of the scale. He said that in the transcript. He did, the district court did find that the presence of the scale supported the enhancement. But if you look at page 41 and 42 of the sentencing transcript, you'll see that the court held that the enhancement was also justified under comment 14A to the guidelines. The court held, quote, to the extent that there's an eligible offense available, unquote, to support this enhancement, it's the prospective purchase of a pound of dope. And the court further held then that the shotgun had the potential of facilitating that intended offense because, in the court's words, it was one half of the exchange which is proposed to occur. Now, the court was plainly referring there not to the proximity requirement in application note 14B, but rather to application note 14A, which states that this enhancement applies whenever a firearm facilitates or has the potential to facilitate another felony offense, as the court found it did in this case on pages 41 and 42 of the sentencing transcript. Doesn't that- But there's, go ahead. I was just going to say, there's subsequent discussion of the sale, and then on page 46, the court says, so anyway, respectfully, I'm going to overrule that objection based on, finally, the presence of the scale. Yes, and I read that as an alternative independent factual finding and holding. The court's, now this court need not address that because the district court's separate factual finding that Mr. Martina, that the gun had the potential to facilitate this admitted plan transaction, that alone justifies the enhancement under comment 14A. Counselor, there appears to be a step that you're missing now, and that is that under 14A and 14B, let me back up, for 14B to apply, doesn't it have to be a drug trafficking offense? The other felony has to be a drug trafficking offense. 14B covers, applies generally to drug offenses. Here's what it says. I understand that's what the label says, but subsection 2 states, in the case of a drug trafficking offense in which the firearm is in close proximity to drugs, materials, or paraphernalia, then you do X, and then A applies to everything else that's not either burglary or a drug trafficking offense, right? Well, this court held in Reyes that A applies to all offenses including drug trafficking offenses, that they're not read, that they're read conjunctively, not, or excuse me, that they're disjunctive, not conjunctive. That is that a drug, another felony offense that is any type of drug offense, satisfies this enhancement if the gun has the potential to facilitate that offense regardless of its proximity. So, in other words, the plain language of the guidelines of the commentary, the application note 14A. Let me ask you this. Is the other felony a drug trafficking offense? It could be. There are multiple other felonies here. The simplest and the most obvious is simple possession because Mr. Martinez admitted that he intended to purchase and thus obtain and possess a pound of dope. What's the definition of a drug trafficking offense? Well, under the Florida statute that you referred to earlier, Your Honor, knowingly purchasing a distribution quantity. Yeah, but this is a term of art used in the guidelines. Yes, I know what the statute says, but the guidelines define that term, do they not? This particular guideline? Well, 2K1 does not, but the guidelines themselves do, do they not? I believe they do. I'm sorry, I don't have that. Let's look at 2L1.2, which does define the term, which states that the term means, quote, an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance or the possession of it with the intent to manufacture, import, export, distribute, or dispense. Did that happen here? Yes, because the question is whether the district court could have found by a preponderance of the evidence that Mr. Martinez had reason to believe that the gun would be used in connection with such an offense. And not only did he admit that he intended to swap it for the drugs, but he further admitted in paragraph 17 of the PSR that the reason he did so was because he needed money for bills and to further his methamphetamine addiction. So on appellate review, we're on clear error standard. And under that standard, it was a reasonable inference. The district court could have reasonably inferred that not only did he intend to go out and for his own personal use, but that he then further intended to traffic it or distribute it by selling it to pay bills or to obtain methamphetamine. But again, this court need not address that because the district court's factual finding that the gun had the potential to facilitate even the simple possession offense, that's sufficient. Well, in his argument, as I understand it, is that it only, the guideline only applies to either a completed or current offense and doesn't cover a future offense. And he's agreed that if, in fact, it does cover a future offense, he loses. That's my understanding of his argument. And I would agree with that, Your Honor, for the reasons I stated at the outset, being that if the second clause is somehow interpreted not to cover planned or intended actions or conduct, then it would be superfluous. Certainly, the ordinary case is a situation where the drug trafficking offense is past or, or I mean, yeah, is past or current, right? So this is an unusual case in that sense. Yes, this is an unusual case because in most cases, the defendant does not candidly admit that he intended to use the gun in this sort of illicit transaction. But a gun could always be used in some felony offense, right? So how do we limit, is the limit to the application that you're arguing for that here there was an admission of intent to commit another felony? In this case, yes. And the limit would be the evidentiary standard that applies at sentencing hearings. The district court has to find facts by a preponderance of the evidence to support any enhancement. And in this case, the reason that this enhancement applied was because the district court reasonably inferred from Mr. Martinez's admission that he had knowledge, intent, or reason to believe that this gun that he admittedly planned to swap for drugs would be used in connection with another felony offense. What if the statement instead had been something like, well, one day I might commit a bank robbery with a gun? Well, we would still be under clear error review. And so the question would be whether the district court could have reasonably drawn that inference from the evidence, from whatever the statement was. But your Honor's point is well taken. You can imagine more ambiguous, less certain statements that are not as clear cut as this statement was. What other ancillary facts support the finding in addition to just the statement in this case? Well, I think the fact that as the district court mentioned several times that Mr. Martinez had a history of drug use, of methamphetamine use, prior convictions for methamphetamine use, the drug paraphernalia in his car, which the district court further found was, by preponderance of the evidence, likely connected to, intended to be used with, this intended drug transaction. What about the nature of the firearm itself? Meaning the fact that it was disassembled and inoperable? Stolen and the serial number was obliterated? Yes, I think that also reasonably could have played into the district court's finding. In other words, if you're going to exchange a firearm, you don't do it where your name's written on it, right? Absolutely. Is there another case similar to this one where there was merely an expression of intent with regard to another felony offense? The closest case that I've found is cited on page 14 of our brief, and that's the Moore case, 739F Appendix 591. And in that case, this enhancement was upheld. A sufficient connection was found between the firearm and the felony offense where the defendant's wife stated that the defendant had threatened to shoot her with the gun and that he hid the gun in the sofa. So it's not clear whether the other offense in that case was necessarily the threat itself or it's not entirely clear, but that's the closest case that I've been able to find that might touch on this. But again, I think there's a dearth of authority on this point because this is such an unusual case, but the fact that it's unusual shouldn't lead this court to ignore the plain meaning of the terms in this enhancement, which cover possession or transfer with knowledge, intent, or reason to believe that the firearm would be used in connection with another felony offense. Not will necessarily be used, but would be used. If this Court has no further questions, we would ask that Mr. Martinez's sentence be affirmed. Thank you. Mr. Labonte, you have five minutes. Thank you. Here, the Court never made any findings that Mr. Martinez was on his way to commit the offense, that there was an attempt to commit the offense, or that he was in a conspiracy to commit the offense. In reading 2K21B6B, I think it is important that we still focus on the fact that there has to be another felony offense in order for the enhancement to apply. Here are the District Court's findings. I think, you know, the District Court spent a considerable amount of time talking through this with counsel, and ultimately, I do not believe the District Court's finding rests on 14A. He was going through that with counsel, but he says ultimately that he is going to find that the potential felony is this prospective pound of dope. I want to take issue with what you said about what the District Court found. Looking at pages 41 and 42 of the sentencing transcript, the District Court said, I do not think he possessed the firearm in connection with the residue in the automobile. To the extent that there is an eligible offense available, it is the prospective pound purchase, quote, pound of dope, unquote. The application note says B6B applies if the firearm or ammunition has the potential of facilitating another offense. Well, it does. It is one half of the exchange which is proposed to occur in a felonious amount. That sounds like a finding to me. But then on page 45 to 46, he says that he has to make the inference that the scales are connected to the prospective sale. So if you look at the definition under 14B. It is logically connected to the prospective pound exchange. Correct. About which he has already made an inference. Right. But under 14B, it appears by relying on the enhancement with the connection to the scales, I believe a reading of the record is that the court was relying exclusively on note 14B. Because if he thought that the gun was going to facilitate just this potential sale in the future, he wouldn't have had to make the inference to the scales. And the scales come into play under 14B because it mentions drugs, drug manufacturing materials and drug paraphernalia. So based on the district court's finding, I believe that it was relying exclusively on 14B and it did not rely on note 14A. Again, as I stated, reading the definition under 2K21B6B, the other felony offense, there is no other felony offense here because there's no finding that he made an attempt. There's no substantial step. As I stated earlier, we don't know what a pound of dope means. This firearm, there is no determination that it was valued at a point where someone could get a pound of any illicit substance. That was just his plan. It may or may not occur. In order to apply this enhancement in this case, this case is different than all the other cases cited by the government because in every case cited by the government, there is some action taken either in the past or when the person is arrested. Generally, in the case of confidential informants, someone shows up to a deal and an action is taken. Here, all we have is Mr. Martinez's statement. We do not know when that was going to occur. To apply the enhancement in this case and open up the door for the enhancement to apply in any case where someone might have some sort of illicit idea of what they may do with a firearm would go against all the cases that have been held so far and would open up the enhancement to apply in almost every case because we're left only with one's imagination of what one can do when they have a firearm. For that reason, we're asking that the court find that the district court erred in applying this four-level enhancement and remand this case for resentencing. Thank you. Thank you, Mr. Levante. I think we understand your case. It's under submission. United States v. McGowan.